IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **MARK FORTE**, *on behalf of himself and all other similarly situated,*<br><br>*Plaintiff,*<br><br>v.<br><br>**KEYSTONE CREDIT SERVICES, LLC**,<br><br>*Defendant.* | CASE NO. \_\_\_\_23-21656\_\_\_\_<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff, Mark Forte, by counsel, hereby files his Class Action Complaint ("Complaint") against Defendant Keystone Credit Services, LLC ("Defendant") as follows:

## INTRODUCTION

1. This is an action for damages based upon Defendant's unlawful conduct in furtherance of its efforts to collect a consumer debt. Defendant's conduct violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA").

2. Plaintiff is a natural person who resides in this District.

3. Defendant is a limited liability company and a "debt collector" as that term is defined by the FDCPA.

4. As set forth below, Defendant reported a consumer debt to one or more of the national credit bureaus for inclusion on Plaintiff's credit file. Defendant failed to contact Plaintiff before doing so in violation of the FDCPA. As a result, Plaintiff was deprived of the opportunity to dispute the inaccurate information with the credit bureaus and/or Defendant before it appeared on his credit file.

5. Plaintiff suffered, and continues to suffer, concrete harm as a result of Defendant's violation of the FDCPA.

## PARTIES, JURISDICTION, AND VENUE

6. At all times material to this action, Plaintiff was an individual and a consumer as defined by the FDCPA.

7. At all times material to this action, Defendant was a Pennsylvania limited liability company. Defendant seeks to collect debts from consumers in New Jersey and nationwide. Defendant may be served with a copy of the Complaint and summons through its registered agent for service, to-wit: Rals NJ, LLC, 208 West State Street, Trenton, NJ 08608.

8. This Court has federal question jurisdiction over Plaintiff's FDCPA claims pursuant to 15 U.S.C. § 1692(d), 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

9. Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

10. Defendant is subject to the jurisdiction of this Court.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a national class action pursuant to Fed. R. Civ. P. 23(b)(1) and (b)(3) on behalf of the following class ( the "Class") consisting of all similarly situated persons:

> All persons for whom Defendant, within the year preceding the filing of this action through the date of final approval, reported a consumer debt to any consumer reporting agency, as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.*, without first communicating with the consumer about the alleged debt either by (i) speaking with the consumer in person or by phone; (ii) delivering a letter to the consumer; or (iii) delivering an electronic message to the consumer, or for whom Defendant, after sending a letter or electronic message to a consumer about an unreported alleged debt, failed to wait at least 14 consecutive days for a notice of undeliverability

(hereinafter the "Class").

12. Excluded from the Class are: Defendant's officers, directors, employees, legal representatives, successors, assigns, and any individual who at any time during the class period has had a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family and staff; and all persons who may submit timely and proper requests for exclusion from the Class.

13. Plaintiff reserves the right to modify the Class, add subclasses, and modify the class period as discovery is conducted.

14. The Class is so numerous that joinder of all class members is impractical. While the exact number of Class members is unknown at this time, it is estimated that there are hundreds, if not more, potential Class members in the Class given the high volume of accounts upon which Defendant collects.

15. There are questions of law and fact common to the Class including (i) whether Defendant reported accounts to the credit bureaus concerning the Class members; (ii) whether Defendant provided the pre-reporting notice required by 12 C.F.R. § 1006.30(a)(1) to the members of the Class before reporting their accounts to the credit bureaus; and (iii) whether the Class members are entitled to recover damages.

16. Plaintiff's claims are typical of the claims of the members of the Class because all members of the Class suffered damages arising from Defendant's failure to comply with 12 C.F.R. § 1006.30(a)(1) before reporting their consumer debts to the credit bureaus.

17. Plaintiff will fairly and adequately protect the interests of the members of the Class.

18. Plaintiff has retained counsel competent and experienced in this type of litigation and Plaintiff has no interests antagonistic to or in conflict with the other members of the Class.

19. Because the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it practically impossible for Class members to seek redress for the wrongs done to them. No unusual difficulties are likely to be encountered in the management of this class action. The Class members can be identified through Defendant's records.

20. Prosecuting separate actions by Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the party opposing the Classes. Doing so would also create a risk of adjudications with respect to individual Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

21. There are questions of law and fact common to the members of the Classes which predominate over any questions affecting any individual class members. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FACTUAL ALLEGATIONS

22. Plaintiff lives and works in Hammonton, New Jersey.

23. Plaintiff is allegedly obligated to pay a consumer debt ("Debt") arising from a contract to construct a barn. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

24. Defendant is a collection agency.

25. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

26. Defendant manages, and collects upon, thousands of consumer debts annually.

27. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. 1692a (2).

28. In September 2023, Plaintiff obtained a copy of his credit report as published by TransUnion (the "CRA"). In reviewing the report, he noticed that Defendant reported to the CRA that it was collecting the purported Debt. Defendant reported that the Debt originated with Shirk Pole Buildings, LLC. A copy of the tradeline as published by Defendant to the CRA is attached hereto as Exhibit A.

29. Prior to the time Defendant reported the Debt to the CRA, Plaintiff did not receive any letters, emails, calls, texts, or any communications whatsoever from Defendant.

30. On November 30, 2021, the Consumer Financial Protection Bureau ("CFPB") published amendments to 12 C.F.R. Part § 1006 (hereinafter referred to as Regulation F).

31. Regulation F was issued by the Bureau of Consumer Financial Protection pursuant to sections 814(d) and 817 of the FDCPA, 15 U.S.C. § 1692b, 1692o; Title X of the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank Act"); 12 U.S.C. § 5481, *et seq.*, and paragraph (b)(1) of 104 of the Electronic Signatures in Global and National Commerce Act ("E-sign Act"), 15 U.S.C. § 7004.

32. The Fair Debt Collection Practices Act and, specifically, Regulation F apply to the Defendant at all times relevant hereto.

33. As of the enactment of Regulation F, a debt collector, such as Defendant, is prohibited from reporting a debt to any of the three major credit reporting agencies, which would include Experian, TransUnion and Equifax, without first contacting the consumer. To satisfy this requirement, the collector must speak to the consumer in person, or by phone, or mail a letter, or send an electronic message about the debt to the consumer and then wait a "reasonable period of

time" (at least 14 consecutive days) to see if a notice of undeliverability comes back. If the collector gets a notice that the letter or message was undeliverable, the collector cannot report the debt to the credit reporting agency unless it achieves communications as detailed above. 12 C.F.R. § 1006.30(a)(1).

34. Plaintiff and the other Class members did not receive any communication from Defendant as required by 12 C.F.R. §1006.30(a)(1) prior to Defendant reporting their debts to one or more of the CRAs.

35. Credit reporting is recognized as a powerful tool used to extract payment from consumer debtors. *Quale v. Unifund CCR Partners,* 682 F.Supp.2d 1274 (S.D. Ala. 2010).

## **INJURIES-IN-FACT**

36. The FDCPA provides consumers with "statutorily created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

37. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

38. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

39. Accordingly, through the violation of Plaintiff's statutorily created rights under the FDCPA, and those of the FDCPA Class members, Plaintiff and the FDCPA Class members have suffered an injury-in-fact sufficient to establish Article III standing.

## CAUSE OF ACTION

### COUNT ONE:
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692,**
*et. seq. Violation of Regulation F, 12 C.F.R. § 1006.6(e)*

40. Plaintiff and the Class members have been the objects of collection activity by Defendant arising from consumer debts.

41. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6).

42. Defendant's failure to communicate with Plaintiff and the Class members as prescribed by the act and its regulations prior to reporting their purported debts to the credit bureaus was a violation of 12 C.F.R. § 1006.30(a)(1).

43. Pursuant to 15 U.S.C. 1692k, Plaintiff and the Class members are entitled to, and seek, actual damages, statutory damages under 15 U.S.C. § 1692k(a)(2), costs, and reasonable attorneys' fees.

### TRIAL BY JURY

44. Plaintiff and the Class are entitled to and hereby request a trial by jury.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of himself and the Class:

    a. That the Court certify the Class pursuant to Fed. R. Civ. P. 23;

    b. Appoint the undersigned as counsel for the Class;

    c. Appoint Plaintiff as representative for the Class;

    d. Enter judgment against Defendant and in favor of Plaintiff and the Class

for compensatory and statutory damages in an amount to be proven at trial as well as reasonable attorneys' fees and costs;

  e. Prejudgment and post-judgment interest at the maximum statutory rate; and,

  f. Such other relief, legal or equitable, as the Court deems just and proper.

Respectfully submitted this 31st day of October, 2023.

            Respectfully submitted,

            */s/ Max S. Morgan*
            Max S. Morgan, Esq.
            THE WEITZ FIRM, LLC
            1515 Market Street, #1100
            Philadelphia, PA 19102
            (267) 587-6240
            max.morgan@theweitzfirm.com

            */s/John A. Love**
            John A. Love, Esq.
            Love Consumer Law
            2500 Northwinds Parkway
            Suite 330
            Alpharetta, Georgia 30009
            (404) 855-3600
            tlove@loveconsumerlaw.com

            *COUNSEL FOR PLAINTIFF*

            (**Pro Hac Vice* forthcoming)